IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DENISE TOLEDO, )<br>)<br>Movant, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Civil No. 16-CV-3213-ODS<br>Crim. No. 05-3061-01-ODS |

## ORDER GRANTING JOINT EMERGENCY MOTION TO CORRECT SENTENCE UNDER 28 U.S.C § 2255

Pending is the parties' Joint Emergency Motion to Correct Sentence under 28 U.S.C. § 2255. Doc. #1. Movant Denise Toledo seeks to be resentenced pursuant to the Supreme Court decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the Armed Career Criminal Act's ("ACCA") residual clause is unconstitutional. The Government agrees Movant is entitled to post-conviction relief, and the parties agree that Movant, who was sentenced to 180 months' imprisonment and five years of supervised release, should be resentenced to 120 months' imprisonment and three years of supervised release. Doc. #1. For the reasons set forth below, the Court grants the motion, vacates movant's sentence, and resentences Movant to 120 months' imprisonment and three years of supervised release.

## I. BACKGROUND

Movant pleaded guilty to one count of being a felon in possession of a firearm. "In general, the law punishes [this crime] by up to 10 years' imprisonment. But if the violator has three or more earlier convictions for a 'serious drug offense' or a 'violent felony,' the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life." *Johnson*, 135 S. Ct. at 2555 (citing 18 U.S.C. § 922(g)). A "violent felony" is defined as a felony that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that*

*presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B). The italicized portion of the definition constitutes the "residual clause."

At sentencing, the Court found that Movant had at least three qualifying prior convictions that supported imposition of a sentence under ACCA. Movant had convictions in California for grand theft from a person, terrorist threats, and threatening criminal acts with the intent to terrorize. At the time, the Court found these offenses were violent felonies under 18 U.S.C. § 924(e)(2)(B)(ii), the so-called "residual clause" of the ACCA, which defined "violent felony" to include any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." Movant was sentenced to a term of 180 months' imprisonment with five years of supervised release.

In reliance on *Johnson*, Movant seeks relief under 28 U.S.C. § 2255, and asks the Court to vacate her previous sentence of 180 months' imprisonment and five years of supervised release and resentence her without application of the ACCA. The Government joins in Movant's motion.

## II. DISCUSSION

The Court first finds that the motion for relief under 28 U.S.C. § 2255 is timely because it is filed within one year of the Supreme Court's decision in *Johnson*. *See* 28 U.S.C. § 2255(f)(3). The Court also finds, based upon *Welch v. United States*, 136 S. Ct. 1257 (2016), that *Johnson* applies retroactively.

In light of *Johnson* and *Welch*, the Court further finds, without objection from the parties, that Movant's prior California conviction for grand theft from a person no longer qualifies as a "violent felony" under the ACCA. Without this prior conviction, Movant does not have the three necessary predicate convictions (either "violent felonies" or "serious drug offenses") to qualify her for sentencing under the ACCA.

Based on the above findings, the Court concludes Movant's currently imposed sentence of 180 months' imprisonment with five years of supervised release must be reduced. Movant's written waiver of her right to personally appear for resentencing (Doc. #1-1) was executed knowingly and voluntarily, and the Court is authorized to resentence Movant without further delay and without her personal appearance. *See*

Fed. R. Crim. P. 43(c)(1)(B) (permitting a defendant to waive his or her right to be present at sentencing in a noncapital case by being "voluntarily absent").

The Court determines, based upon the agreement of the parties, Movant should be resentenced to a term of 120 months' imprisonment, which is the statutory maximum sentence, and directs that an amended judgment to that effect be entered in Case No. 05-3061-01-CR-S-ODS, substituting 120 months as the term of imprisonment to replace the previously imposed 180-month imprisonment term, and substituting a three-year term of supervised release to replace the five years previously imposed, and retaining all the previously imposed conditions of release. If a viable home plan has not been approved by the U.S. Probation Office by the date of release from custody, Movant shall reside in and satisfactorily participate in a residential reentry center program until an acceptable home plan is approved by the U.S. Probation Office, but not to exceed a period of 60 days.

### III. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby grants the parties' Joint Emergency Motion to Correct Sentence under 28 U.S.C. § 2255 (Doc. # 1), vacates Movant's previous sentence, and orders Movant to be sentenced to 120 months' imprisonment with a period of three years supervised release to follow.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: June 8, 2016                UNITED STATES DISTRICT COURT